Gary W. BAILEY, Plaintiff,

v.

**BOARD OF LAW EXAMINERS OF the STATE OF TEXAS, Defendants.**

No. EP–80–CA–324.

United States District Court,
W. D. Texas,
El Paso Division.

Dec. 22, 1980.

R. Don Thorne, El Paso, Tex., for plaintiff.

Mark White, Atty. Gen., John W. Fainter, Jr., First Asst. Atty. Gen., Richard E. Gray, III, Executive Asst. Atty. Gen., Paul R. Gavia, Chief, State & County Affairs, Susan O. Bradshaw, Asst. Atty. Gen., Austin, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

HUDSPETH, District Judge.

Gary W. Bailey, Plaintiff herein, has brought suit against the Board of Law Examiners of the State of Texas under 42 U.S.C. § 1983. Jurisdiction is claimed pursuant to 28 U.S.C. §§ 1343(3) and 2201. Plaintiff alleges that Defendant's refusal to recommend him for licensing as a member of the bar of the State of Texas under Rule X(c) of the Rules Governing Admission to the Bar of Texas violates his Fourteenth Amendment rights to due process and equal protection. Rule X(c) provides:

> "To pass the [bar] examination, the applicant must make an average grade of 75 on the entire examination."

Plaintiff has taken the examination three times but has failed to achieve a score of 75 on any one examination. However, he alleges that if only his high scores on individual sections within each examination are considered, then he has achieved scores sufficiently high to bring his overall average above 75.

He further alleges that he has been unconstitutionally denied an official regrade of his last bar examination. He contends that Defendant has a policy of granting official regrades if the applicant scores 73 or better; that his mathematical score on the February 1980 examination was 72.66; but that his grade was reported as a 72 and regrading was denied. Plaintiff seeks to have the Board's policy of dropping decimal points declared unconstitutional; have his 72.66 rounded up to 73, and then have his examination officially regraded. The significance of the official regrade lies in what Plaintiff alleges to be an unofficial Board policy of consistently finding enough extra points to raise the examinee's grade to 75.

The Defendant moves to dismiss on two grounds: (1) that the Court lacks subject matter jurisdiction, and (2) that the Plaintiff has failed to state a claim upon which relief can be granted.

## A. *SUBJECT MATTER JURISDICTION.*

█ The admission of applicants to the bar of a state is a matter for state regulation. *Brown v. Board of Bar Examiners of the State of Nevada,* 623 F.2d 605, 609 (9th Cir. 1980). The only limitation upon the state's exclusive right to admit or deny admission to applicants must be based upon the Constitution. States cannot exclude applicants in a manner or for reasons that violate the Fourteenth Amendment, nor impose qualifications which lack a rational connection with the applicant's fitness to practice law. *Schware v. Board of Bar Examiners of New Mexico,* 353 U.S. 232, 239, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957); *Brown v. Board of Bar Examiners of the State of Nevada, supra.* It has been held that federal district courts lack subject matter jurisdiction over the challenge of an individual applicant to the refusal of a state supreme court to admit him to law practice. *Brown v. Board of Bar Examiners of the State of Nevada, supra; Doe v. Pringle,* 550 F.2d 596, 599 (10th Cir. 1976), *cert. denied* 431 U.S. 916, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977); *Feldman v. State Board of Law Examiners,* 438 F.2d 699, 704 (8th Cir. 1971). District Court are not appellate courts, and only the United States Supreme Court can review the judicial acts of a state supreme court. *Doe v. Pringle, supra.* This Court, therefore, lacks jurisdiction to review the decisions of the Board or the Supreme Court of Texas as to Bailey's individual test results, or to order that he individually be admitted to the bar of Texas. It remains to be determined whether or not the Plaintiff's challenge to the Rules Governing Admission to the Bar of Texas, promulgated by the Supreme Court of Texas, can survive a motion to dismiss for failure to state a claim.

## B. *THE CONSTITUTIONAL CLAIMS.*

█ Plaintiff contends that certain of the Rules Governing Admission to the Bar of Texas are unconstitutional, not only as applied to him, but in their effect upon all others who fall under them. This Court does have jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. § 1343 to determine whether generally applicable rules and procedures for admission to the Bar impinge upon constitutionally protected rights. *Brown v. Board of Bar Examiners of the State of Nevada, supra* at 609–610.

█ The Plaintiff first contends that Rule X(c) is so vague and overbroad that it violates the Fourteenth Amendment due process and equal protection clauses. This contention is without merit. The Texas Supreme Court has determined that every candidate for bar admission must take an examination, and, to achieve a passing grade, must score enough points on each section thereof that when the scores are averaged, they equal 75 or better. The rule is clear and specific, and does not violate the Fourteenth Amendment.

█ Plaintiff further argues, however, that an examinee who fails to pass one examination should nevertheless receive credit on a subsequent examination for sections upon which he *did* receive a passing grade, and that to do otherwise deprives him of due process and equal protection. It should be noted that this procedure has been tried and discarded in Texas. See Huber and Myers, Admission to the Practice of Law in Texas, 15 Houston Law Review 485, 513 n. 193 (1978). In any event, a similar claim has been considered by the Fifth Circuit and decided adversely to the Plaintiff. *Davidson v. State of Georgia,* 622 F.2d 895, 896 (5th Cir. 1980). Plaintiff has failed to make out a claim of due process or equal protection violation.

█ Plaintiff also claims that he has invested time and money in preparation to be a lawyer, and that the Rules as promulgated and as applied by Defendant deprive him of the constitutional right to practice his chosen profession. There is, however, no constitutional right to practice law without passing an examination. *Attwell v. Nichols,* 608 F.2d 228, 230 (5th Cir. 1979). States have the right to regulate admission to the bar, *Schware v. Board of Bar Examiners of New Mexico, supra,* and the Constitution prohibits only those requirements having no

rational connection with the applicant's fitness or capacity to be a lawyer. *Attwell v. Nichols, supra.*

The Plaintiff further argues that Texas has not chosen the least restrictive manner of assuring the competence of the bar. He points to Article 307B, Tex.Rev.Civ.Stat. Ann.,[1] as an alternative and less restrictive means of assuring the quality of the bar and claims that he is denied equal protection of the law by not being allowed to benefit from that statute.

■ First, a state is not required to choose the least restrictive qualifications, but need only choose such restrictions as are rationally related to the state's goal of ensuring a competent bar. *Tyler v. Vickery,* 517 F.2d 1089 (5th Cir. 1975), *cert. denied* 426 U.S. 940, 96 S.Ct. 2660, 49 L.Ed.2d 393 (1976). That the examination administered to candidates to the bar is rationally related to the state's legitimate goal of assuring a competent bar is settled. See *Tyler v. Vickery, supra,* 517 F.2d at 1102. That the exemption granted to members of the armed forces or the merchant marine whose legal education has been interrupted during World War II or national emergency meets the "rational relationship" test is less clear. However, since the exemption applies only to graduates from approved schools in Texas who had done the pre-service work in an approved school in Texas, this Court cannot say that the exemption is totally unrelated to a state goal. The Supreme Court of Texas can be presumed to be knowledgable as to the level of competence necessary to successfully complete course work in approved law schools located within the State of Texas.

■ Second, Plaintiff has not alleged that he could be exempted from examination under Article 307B. In actuality, he could not qualify under Article 307B, even had his studies been interrupted during World War II or time of national emergency, because he did not graduate from any law school in Texas, but from Louisiana State University, a law school over which the Supreme Court of Texas can exercise no supervision. It cannot be presumed that the Texas Supreme Court is aware of the level of competency necessary to graduate from an out-of-state law school. Since Plaintiff is not the victim of an invidious or irrational distinction, he has not been deprived of Fourteenth Amendment guarantees of equal protection. *Reed v. Reed,* 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971).

Finally the Plaintiff claims that the Board of Law Examiners has a policy of granting official regrades to all examinees who score 73 or higher, but that decimal points are disregarded as a matter of informal policy, causing Plaintiff's score of 72.66 to be recorded as a 72, rendering him ineligible for a regrade. In a letter dated June 20, 1980, Plaintiff requested an official regrade, contending that an exception should be made in his case, and a regrade afforded him. As authority, he relied upon Rule XV(e) of the Rules Governing Admission to the Bar of Texas, which provides:

1. Article 307B provides: "Law Licenses shall be granted without requirements of passage of the State Bar Examination as to any subject or subjects which the candidate has satisfactorily passed prior to entering the Military Service or Merchant Marine Service of the United States in any law school situated within this State which is on the approved list of the Supreme Court of Texas, provided such applicants are graduates of such law schools, provided such candidate has been a citizen of Texas for at least one (1) year prior to the passage of this Act, and has served at least two (2) years in the Military Service or Merchant Marine Service of the United States. Such candidate must have been honorably discharged or released from active Military Service and must have the character requirements prescribed by the Rules of the Supreme Court of Texas. Such candidate shall file with his application for license a certified copy of his honorable discharge or release from active Military Service or Merchant Marine Service of the United States. Such application shall be filed with the clerk of the Supreme Court of Texas not later than six (6) months after such candidate graduates from one of the approved law schools. Military Service or Merchant Marine Service shall include service in all branches of the Army, Navy, and other Military Forces or Merchant Marine Service during World War II or during national emergency as declared by Congress or the President of the United States."

"The Board is given discretion in the interpretation and application of these rules. For good cause shown to the satisfaction of the Board, exceptions may be made to the specific requirements described in the foregoing Rules unless it appears therefrom that no exceptions are contemplated by the Supreme Court."

The question presented is whether Plaintiff has been denied equal protection or due process by the Board's alleged policy of disregarding decimal points.

Rule X(c) requires a grade of 75 to pass the bar examination. The Board of Law Examiners is not required to provide for automatic regrading of any score less than 75. Nevertheless, it has done so, and has drawn the dividing line at 73. If it has a policy of disregarding decimals, as Plaintiff claims, then an applicant scoring 73.01 is entitled to a regrade, and one who scores 72.99 is not. So long as the rule is applied equally to all examinees, it is within the Board's discretion and does not violate equal protection of the laws. Taking Plaintiff's allegations as true for purposes of the motion to dismiss, he has failed to plead an equal protection claim.

What about due process? The courts have held that if a state provides the unqualified opportunity to retake the bar examination, no other type of hearing or review procedure is necessary to comply with due process. *Tyler v. Vickery, supra,* 517 F.2d at 1103–4. Even though Plaintiff has failed the examination three times, he is eligible to retake it upon the expiration of a year from his last attempt. Rule X(e), Rules Governing Admission to the Bar of

Texas.[2] Furthermore, Rule X(g)[3] provides an examination review procedure for an applicant who fails two or more examinations. This procedure would have been available to Plaintiff in May of 1980 upon timely request, but his letter to the Board of June 20, 1980 (attached as an exhibit to the complaint) specifically declines to request such review by the Board.

The Rules, taken as a whole, clearly afford due process to all unsuccessful examinees, and specifically to the Plaintiff.

### C. *CONCLUSION.*

The Plaintiff has failed to state a substantial claim of infringement of his Fourteenth Amendment rights of due process and equal protection. The Defendant's motion to dismiss should be granted.

It is therefore ORDERED that the Defendant's motion to dismiss the above cause be, and it is hereby, GRANTED.

---

2. "An applicant who has failed in three (3) examinations must study for a year, or for such other period of time as the Board may fix, before taking a fourth examination, and a like period of time must intervene between the fourth and fifth examinations. Except as next provided, no more than five (5) examinations can be taken. However, the Board at its discretion may permit an applicant to take additional examinations after such additional study as the Board may prescribe."

3. "The Board, upon written request to its Chairman by an applicant who has failed two

(2) or more examinations, shall review his or her papers (and the grades given him or her) on the examination immediately preceding such request, provided such request is received within two (2) weeks after the mailing of the grades given upon such examination. Such review shall be given at the Board's next regular meeting at Austin unless postponed by the Board for good cause. The papers shall be reviewed with the applicant, but such applicant shall not be admitted to the examination during the session at which the review is given."