David CONRAD, Plaintiff,

v.

The COUNTY OF ONONDAGA EXAMINING BOARD FOR PLUMBERS; Julian M. Charles, Frank R. Ficcara, Jr., Karl A. Engelbrecht, Peter Guala, P.E., Arthur F. Russell, Jr., Patrick A. Leone, Dene C. Zografos, Francis Onofri, Clayton Andrews, Esq., Peter L. Cappuccilli, Sr., Bruce C. Dewey, Richard T. Lafferty, Virgil H. Fraser, P.E., John C. Orr, Jr., John M. Kranik and Joseph Fraser, Individually and as Members of the County of Onondaga Examining Board of Plumbers, Defendants.

No. 89–CV–271.

United States District Court, N.D. New York.

March 8, 1991.

O'Hara & Crough (Susan T. Johns, of counsel), Syracuse, for plaintiff.

Jon A. Gerber, County Atty., County of Onondaga (Michael Pirro, Asst. County Atty., of counsel), Syracuse, for defendants.

## MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

### I. *Introduction*

The plaintiff has commenced an action under 42 U.S.C. § 1983, alleging that the defendants deprived him of property and liberty without due process of law, in violation of the Fourteenth Amendment, by failing to administer a fair, uniformly graded examination for receipt of a Master Plumber's certificate. The certificate is necessary to receive a license as a Master Plumber in Onondaga County. The plaintiff also asserts a cause of action pursuant to Article 78 of the New York Civil Practice Law and Rules, alleging that the defendants' denial of plaintiff's certificate by failing him on the examination was arbitrary and capricious and an abuse of discretion.

The defendants have moved, pursuant to Fed.R.Civ.P. 12(c), for judgment on the pleadings dismissing the complaint. The plaintiff has cross-moved for an amendment of the Rule 16 scheduling order, which closed discovery on June 1, 1990, so that plaintiff may conduct additional discovery related to allegedly unfair testing on the 1987, 1989 and 1990 plumbing examinations. Plaintiff also requests a discovery conference to settle disputes about that discovery.

### II. *Background* [1]

The plaintiff, David Conrad, is a resident of Onondaga County, and a journeyman

---

**1.** The factual background is taken from the complaint, and where necessary, the answer, since the court must confine itself to the allegations of the pleadings alone on a motion for judgment on the pleadings. Rule 12(c) states:

> After the pleadings are closed but within such time as not to delay the trial, any party

plumber, defined in Local Law No. 10 of the administrative rules governing plumbing installations as "any person who has met the requirements of the Onondaga County Examining Board and has further met all current requirements of the Onondaga County Department of Health." On June 24, 1988, plaintiff took an examination administered by the defendant County of Onondaga Examining Board for Plumbers ("Examining Board"), for certification as a "Master Plumber." The examination consisted of a written part, a drawing part, and a practical part.

Plaintiff was informed by the Examining Board, by letter dated July 21, 1988, that he had failed the written part of the exam. Plaintiff then reviewed the written portion of the exam with defendants Patrick Leone, Francis Onofri, and Julian Charles, members of the Examining Board. After the review, defendant Onofri informed plaintiff's attorney that plaintiff's failing mark would stand.

Plaintiff claims that some questions on the exam were vague, confusing, or irrelevant. He also asserts that the Examining Board's procedure of having a single board member grade an exam allows for unfairly subjective grading, and that a review course conducted before the exam by defendant Onofri did not cover items that were on the exam. Plaintiff also avers that the plaintiff and other applicants were not provided with up-to-date plumbing code books, although there were several ques-

tions related to the code on the exam. Plaintiff further alleges that "a very small percentage" of applicants pass the Master Plumber's exam each year. In his first cause of action, the plaintiff asserts that the failure of the defendants to provide a fair examination, to provide adequate review of the exam, to provide uniform grading of the exam, and defendant Onofri's "misrepresentations" in conducting the review course, have deprived him of his property right "to become self-employed in the business of plumbing in Onondaga County," and to the earnings and benefits associated with such employment, without due process of law, in derogation of the Fourteenth Amendment. In his second cause of action, the plaintiff claims that the defendants' actions have likewise deprived him of his liberty interest protected by the Fourteenth Amendment "to pursue the calling of his choice." Plaintiff also asserts in a third claim for relief, brought under Article 78 of the New York Civil Practice Law and Rules, that the decision by the Examining Board to refuse plaintiff a certificate of competency was arbitrary and capricious and an abuse of discretion.[2]

The defendants have brought a motion for judgment on the pleadings, on the grounds that (1) plaintiff does not have a protected property interest in becoming a Master Plumber; (2) plaintiff does not have a protected liberty interest in engaging in the business of a Master Plumber; and (3)

---

may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

Fed.R.Civ.P. 12(c). The court will not consider those matters presented outside the pleadings.

**2.** Article 78 provides a proceeding which can be used to review administrative decisions. The article, enacted in 1962, makes available types of relief which were formerly obtainable in New York courts by writs of certiorari, mandamus or prohibition. Article 78 states, in pertinent part:

The only questions that may be raised in a proceeding under this article are:

1. whether the body or officer failed to perform a duty enjoined upon it by law; or

2. whether the body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction; or

3. whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion ...; or

4. whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence.

New York CPLR §§ 7801, 7803; *see also Campo v. New York City Employees' Retirement Sys.,* 843 F.2d 96 (2d Cir.), *cert. denied,* 488 U.S. 889, 109 S.Ct. 220, 102 L.Ed.2d 211 (1988).

if the court dismisses the federal constitutional claims, the court lacks pendent jurisdiction over plaintiff's Article 78 cause of action. The plaintiff contends that the defendants have waived their defense to plaintiff's second cause of action, since the defendants have admitted in their verified answer paragraph "33" of the complaint, which states:

> Plaintiff has a liberty interest protected by the 14th Amendment of the United States Constitution to purs[u]e the calling of his choice and in the profits or emoluments deriving therefrom.

Plaintiff also argues that, notwithstanding defendants' waiver of their defense to his liberty interest, he has a protected liberty interest in the pursuit of his profession, and a protected property interest in becoming a Master Plumber.

Plaintiff has also cross-moved for an amendment of the existing Rule 16 scheduling order, which set the deadline for discovery on June 1, 1990, and has requested a discovery conference. Plaintiff claims that, although his complaint contains allegations which refer only to the 1988 Master Plumber's exam, he wishes to assert that a scheme of unfair testing has permeated the exam process since his first attempt at the test, in 1987, through the most recent exam, in 1990, which he also failed. Plaintiff states that defendants have refused his requests for discovery pertaining to the other examinations.

### III. *Discussion*

#### A. *Plaintiff's Property Interest*

■ Plaintiff alleges in the complaint that he has a property right protected by the Fourteenth Amendment in "(a) obtaining a Master Plumber's license and (b) the earnings and other compensation to be derived from his ability to engage in the business of plumbing." Complaint, ¶ 27. The standard for determining the existence of a property right protected by the Fourteenth Amendment was stated by the Supreme Court in *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972):

> To have a property interest in a benefit, a person clearly must have more than

an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, *have a legitimate claim of entitlement to it.*

*Id.* at 577, 92 S.Ct. at 2709 (emphasis added); *see also S & D Maintenance Co. v. Goldin*, 844 F.2d 962, 966 (2d Cir.1988); *Yale Auto Parts, Inc. v. Johnson*, 758 F.2d 54, 58 (2d Cir.1985).

The plaintiff argues that, since he was entitled to take the examination because of his status as a journeyman plumber, his property interest was denied by the failure of the defendants to provide a fair exam to test his capacity and fitness to be a Master Plumber. While plaintiff was therefore entitled to take the examination, and the denial of the right to take the exam might constitute deprivation of a property interest protected by the Fourteenth Amendment, plaintiff has no legitimate claim of entitlement to *become* a Master Plumber. "The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person *has already acquired in specific benefits.*" *Roth*, 408 U.S. at 575, 92 S.Ct. at 2708 (emphasis added).

In *Charry v. Hall*, 709 F.2d 139 (2d Cir.1983), the court considered whether an individual who applied to take an examination to be certified as a psychologist had a property interest in taking the examination. The court concluded that an applicant satisfying the prerequisite qualifications has a "legitimate claim of entitlement" to take the examination. *Id.* at 144 (citing *Roth*, 408 U.S. at 577, 92 S.Ct. at 2709). However, the court also stated:

> The right to take an examination is hardly the equivalent of the grant of the license for which it is taken; *the applicant may fail the examination,* in which event, unlike the successful licensee, *he will not have any property interest entitled to due process protection.*

*Id.* (emphasis added).

Consequently, plaintiff has no protected property interest in becoming a Master Plumber.

B. *Plaintiff's Liberty Interest*

Prefatorily, the court accords no weight to defendants' "admission" of the existence of plaintiff's liberty interest in their answer, since the existence of the interest is a matter of law to be determined by the court, not a fact which may be deemed admitted. However, plaintiff's assertion that he has been deprived of a liberty interest in pursuing the occupation of his choice merits closer consideration.

The Supreme Court indicated in *Roth* that a person is not deprived of "liberty" when he or she is denied one job but remains as free as before to seek another. *Roth*, 408 U.S. at 575, 92 S.Ct. at 2708. It is widely recognized, however, that the rejection of an applicant for admission to an educational program or to a state bar is an effective denial of the opportunity to participate in a chosen profession. *Schware v. Bd. of Bar Examiners of State of New Mexico*, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957); *Jones v. Bd. of Comm'rs of Alabama State Bar*, 737 F.2d 996 (11th Cir.), *reh'g denied*, 745 F.2d 72 (11th Cir.1984); *Brown v. Bd. of Bar Examiners of State of Nevada*, 623 F.2d 605, 609 (9th Cir.1980); *Tomanio v. Bd. of Regents*, 603 F.2d 255 (2d Cir.1979) (reversed on grounds not relevant here, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980)); *Tyler v. Vickery*, 517 F.2d 1089, 1104 (5th Cir.), *reh'g denied*, 521 F.2d 814 (1975); *Grove v. Ohio State Univ. College of Veterinary Medicine*, 424 F.Supp. 377 (S.D. Ohio 1976).

Those courts concluded that the plaintiffs had been denied their right to pursue their profession since their rejections had the practical effect of precluding them from working in their chosen careers, and not simply from filling a particular job. That raises the question whether the plaintiff here, denied certification as a Master Plumber, has been effectively precluded from practicing as a plumber, or whether he has simply been closed out of a small number of specified jobs. The court refers then to the complaint, in which plaintiff alleges that he has been denied the right "to become self-employed in the business

of plumbing in Onondaga County," Complaint, ¶ 31, and that he has been prevented from "engaging in the business of plumbing in Onondaga County." Complaint, ¶ 34. For the purposes of the motion for judgment on the pleadings, on which all well-pleaded facts must be deemed as true and all reasonable inferences must be construed in a light most favorable to the non-moving party, the court must assume that the effect of plaintiff's failing the examination was the denial of his right to pursue his chosen profession, and not merely the ability to work in a small number of preferred jobs.

That does not end the analysis of plaintiff's claim, however. The Fourteenth Amendment does not protect against all deprivations of life, liberty or property by the state. It protects only against deprivations made "without due process of law." *Parratt v. Taylor*, 451 U.S. 527, 537, 101 S.Ct. 1908, 1914, 68 L.Ed.2d 420 (1981). Thus, the inquiry must focus on whether plaintiff was deprived of his liberty to pursue his profession without due process of law.

Plaintiff's complaint can be fairly read to assert both procedural and substantive due process violations. Plaintiff complains that the procedures provided by the Examining Board were not sufficient to provide an adequate review of his test scores, but the gravamen of the complaint is that the defendants administered an unfair examination, that "the defendants acted recklessly and with a callous indifference to plaintiff's federally protected rights," and that their actions were arbitrary and capricious and an abuse of discretion. Complaint, ¶¶ 29, 30, 37, 38.

The "substantive component" of the Fourteenth Amendment's Due Process Clause bars arbitrary, wrongful government actions " 'regardless of the procedures used to implement them.' " *Zinermon v. Burch*, ⸺ U.S. ⸺, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990) (quoting *Daniels v. Williams*, 474 U.S. 327, 331, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986)). Therefore, "the constitutional violation actionable under § 1983 is complete when the

wrongful action is taken." *Id.* In a procedural due process claim, based on the Fourteenth Amendment's guarantee of fair procedure, the deprivation by state action of a constitutionally protected interest in life, liberty or property "is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law.*" *Id.* (citing *Parratt v. Taylor,* 451 U.S. 527, 537, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981)). Thus, the existence of state procedural remedies must be considered on a procedural due process claim.

■ The court will first address the substantive due process claim. The plaintiff has alleged arbitrary action on the part of the Examining Board in designing and administering the examination. Plaintiff has further alleged that the exam does not test his fitness or capacity to work as a Master Plumber. The right to pursue one's chosen profession cannot be arbitrarily denied by the state. *Wilkerson v. Johnson,* 699 F.2d 325, 328 (6th Cir.1983). Also, a state can require high standards of qualification, but the qualifications must have a rational connection with the applicant's fitness or capacity to practice his profession. *Schware v. Bd. of Bar Examiners of the State of New Mexico,* 353 U.S. 232, 239, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957); *see also Brown,* 623 F.2d at 609 ("a person may not be excluded from the practice of law in a manner or for reasons which contravene the Fourteenth Amendment, nor can the state court impose qualifications which lack 'a rational connection with the applicant's fitness or capacity to practice law'" (quoting *Schware, supra*)); *Bailey v. Bd. of Law Examiners of State of Texas,* 508 F.Supp. 106, 108–09 (W.D.Tex.1980) ("the Constitution prohibits only those requirements having no rational connection with the applicant's fitness or capacity to be a lawyer"); *Grove,* 424 F.Supp. at 382 ("due process requires that the reasons for rejection have a rational connection with the

profession the applicant is seeking to enter"). Plaintiff's allegations that certain questions on the test were not related to his fitness or capacity to practice as a Master Plumber, and that other actions by the defendants arbitrarily denied him of his qualification for certification, are sufficient to withstand the motion for judgment on the pleadings.

■ With respect to the procedural due process issue, a number of courts have decided that if an applicant has an opportunity to retake a bar examination he or she has failed, no other type of hearing or review procedure is necessary to comply with due process. *See Jones,* 737 F.2d at 1002–03; *Lucero v. Ogden,* 718 F.2d 355, 358 (10th Cir.1983), *cert. denied,* 465 U.S. 1035, 104 S.Ct. 1308, 79 L.Ed.2d 706 (1984); *Tyler,* 517 F.2d at 1104. The same reasoning applies here. However, the pleadings do not inform the court whether the applicant may take the Master Plumber's examination again.[3]

The Second Circuit has also stated that where post-deprivation procedures are adequate, the only process due a plaintiff complaining of the actions of an administrative body in New York is the commencement of an Article 78 proceeding in the New York courts. *Campo v. New York City Employees' Retirement Sys.,* 843 F.2d 96 (2d Cir.1988). Since the plaintiff has raised an Article 78 cause of action here, the court has retained part of plaintiff's federal claims, and the issue of abstaining from deciding the Article 78 claim has not been raised by the parties, the court will retain pendent jurisdiction over that claim, at least at this time.

### C. *Plaintiff's Cross–Motion*

■ The plaintiff has cross-moved for an amendment to the Rule 16 scheduling stipulation to extend the June 1, 1990 discovery deadline. The plaintiff argues that, since the crux of his claim is that the entire

---

**3.** The court, as previously stated, is considering only the content of the pleadings for the purposes of this motion. However, it is quite clear from the affidavits submitted that plaintiff may take the examination annually. He has taken it

four times, from 1987 to 1990, and has failed it each time. Thus, it is questionable whether plaintiff's procedural due process claim would survive a motion for summary judgment.

testing scheme administered by the Examining Board is unfair, he should be able to conduct discovery pertaining to the 1987, 1989, and 1990 exams, which plaintiff also failed. Plaintiff points out that in the parties' pre-trial joint status report, reached after a conference conducted on May 1, 1989, counsel agreed that "[t]he primary issue of the litigation discussed by Counsel involved the fairness of the defendants' entire scheme of testing applicants for a Master Plumber[']s license in Onondaga County." *See* Affidavit of Dennis G. O'Hara, sworn to November 13, 1990, Exhibit A, ¶ "A".

The plaintiff also noticed depositions of two members of the Examining Board, to be conducted on April 24, 1989, and requested the production of documents related to the 1987 and 1988 examinations. The depositions were adjourned at the request of the defendants' attorney, Ms. Pirro, who then served the plaintiff's counsel with objections to the discovery requests. Ms. Pirro asserted that the plaintiff's request for production of information pertaining to the 1987 exam was irrelevant because plaintiff had only alleged causes of action related to the 1988 exam in the complaint. The depositions were conducted on May 23, 1989, but the defendants refused to produce materials related to the 1987 exam. Plaintiff now requests an extension of the discovery deadline, presumably to conduct discovery regarding the 1987, 1989 and 1990 exams.

In opposition to the cross-motion, Ms. Pirro maintains that since the complaint alleged causes of action related only to the 1988 exam, discovery materials pertaining to the other exams are irrelevant. Ms. Pirro also states that plaintiff made no discovery demands after the May 23, 1989, depositions; made no requests to extend the discovery deadline or for leave to amend the complaint; and did not move to compel discovery or for leave to amend the complaint from the date of the depositions to the close of discovery on June 1, 1990. *See* Affidavit of Michele M. Pirro, sworn to December 4, 1990, ¶¶ 5, 7, 8, 10, 12, 13, 14.

Ms. Pirro is correct that discovery regarding exams administered in any year other than 1988 is irrelevant and need not be produced by the defendants. While plaintiff's counsel asserts in his affidavit that the allegations of an unfair testing scheme implicate other exams, the complaint clearly alleges only that the 1988 exam was unfair. The cross-motion for extension of discovery is denied.

### Conclusion

The defendants' motion for judgment on the pleadings as to plaintiff's first cause of action, asserting a deprivation of a protected property interest without due process of law, is granted. Defendants' motion as to the second cause of action, asserting a deprivation of a protected liberty interest without due process of law, is denied. Defendants' motion as to the third cause of action, a pendent state claim brought under Article 78 of the CPLR, is also denied at this time.

Plaintiff's cross-motion for an amendment of the Rule 16 scheduling stipulation to extend the June 1, 1990, discovery deadline is denied.

IT IS SO ORDERED.