946 F.2d 898
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Betsey Warren LEBBOS, Plaintiff-Appellant,
v.
STATE BAR OF CALIFORNIA; Jerome Fishkin; Noel Dyer;
William Maier, Defendants-Appellees.
 No. 89-15170.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1991.*
Decided Oct. 17, 1991.
 
 Before GOODWIN, WILLIAM A. NORRIS and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Betsey Warren Lebbos appeals the district court's order dismissing her complaint with prejudice. The district court dismissed the complaint for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 FACTS AND PROCEDURAL HISTORY
 
 3
 The State Bar commenced disciplinary proceedings against Lebbos and subsequently recommended she be disbarred. On May 16, 1991, Lebbos was disbarred by the California Supreme Court. In this case, Lebbos seeks damages and a permanent injunction enjoining the State Bar from further disciplinary action against her. She alleges deprivation of civil rights, denial of a fair tribunal, malicious prosecution and intentional infliction of emotional distress.
 
 DISCUSSION
 
 4
 A federal court, pursuant to 28 U.S.C. § 1343, has subject matter jurisdiction over a general constitutional challenge to a state bar's rules and procedures. Brown v. Board of Bar Examiners, 623 F.2d 605, 609 (9th Cir.1980). However, it is well established that "orders of a state supreme court relating to discipline and disbarment of members of its bar [may be] reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court." Miller v. Washington State Bar Ass'n, 679 F.2d 1313, 1315 (9th Cir.1982) (citing McKay v. Nesbett, 412 F.2d 846, 846 (9th Cir.1969)).
 
 
 5
 Whether a complaint alleges a general constitutional challenge depends on the nature of the allegations and the remedy requested. If the essence of the complaint is the effect of a state bar's rules and procedures upon a particular member, a district court will lack subject matter jurisdiction. Brown, 623 F.2d at 610. "Superficial indicia of a general constitutional attack" are insufficient to confer jurisdiction, general declaratory relief must be sought. Id.
 
 
 6
 Lebbos' first amended complaint is "inextricably intertwined" with her endeavor to prevent the State Bar from undertaking proceedings to have her disbarred. See id. The essence of Lebbos' complaint is the unconstitutionality of the State Bar's actions in her disciplinary proceedings. The complaint only seeks compensation for her disbarment and an injunction enjoining the State Bar from taking any further disciplinary action against her. It fails to seek general declaratory relief that the rules and procedures of the State Bar system are unconstitutional.
 
 
 7
 Therefore, as long as petition to the California Supreme Court from the State Bar proceedings was available, the district court lacked jurisdiction. See Miller, 679 F.2d at 1315. Since the California Supreme Court disbarred Lebbos on May 16, 1991, there is no question of the availability of petition. Therefore, Lebbos' only recourse is petition to the United States Supreme Court.
 
 
 8
 We hold the district court did not err in granting the State Bar's motion to dismiss with prejudice on the grounds of lack of subject matter jurisdiction.[1] Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Since we conclude that the district court lacked subject matter jurisdiction, we need not address Lebbos' Application to Stay Pending Petition for a Writ of Certiorari to the United States Supreme Court