Neil S. MacKAY, Plaintiff-Appellant,

v.

The Honorable Buell A. NESBETT and the Honorable John H. Dimond, Defendants-Appellees.

No. 23122.

United States Court of Appeals Ninth Circuit.

May 29, 1969.

Rehearing Denied June 20, 1969.

Second Rehearing Aug. 7, 1969.

Edgar Paul Boyko (argued), John M. Savage, Arthur D. Talbot, Anchorage, Alaska, Joseph A. Ball (argued merits) and Joseph D. Mullender, Jr., of Ball, Hunt, Hart & Brown, Long Beach, Cal., for appellant.

Richard J. Himelfarb (argued), and George Cochran Doub (argued merits) Baltimore, Md., Ernest Z. Rehbock, Anchorage, Alaska, for appellee; Weinberg & Green, Baltimore, Md., of counsel.

Before BROWNING, DUNIWAY, and CARTER, Circuit Judges.

PER CURIAM:

Plaintiff appeals from the dismissal of his action to enjoin and declare invalid orders of the Supreme Court of the State of Alaska suspending him from practice in the courts of that state for a period of one year.

Language in Theard v. United States, 354 U.S. 278, 281, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957), and holdings in Gately v. Sutton, 310 F.2d 107, 108 (10th Cir. 1962); Jones v. Hulse, 391 F.2d 198, 202 (8th Cir. 1968); and Lenske v. Sercombe, 266 F.Supp. 609, 612 (D.Ore. 1967), support the rule that orders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court. The rule serves substantial policy interests arising from the historic relationship between state judicial systems and the members of their respective bars, and between the state and federal judicial systems. We are persuaded that it is sound. The judgment of the district court will therefore be affirmed.

A federal court may, of course, examine a state court disciplinary proceeding if the state court's order is offered as the basis for suspending or disbarring an attorney from practice before a federal court. Theard v. United States, supra, 354 U.S. at 281–282, 77 S.Ct. 1274. We note that the proceedings of the Supreme Court of Alaska challenged in this

case were recently examined by the District Court for the District of Alaska in an original disciplinary proceeding properly before the latter court. We also note that after reviewing the evidence before the Supreme Court of Alaska, supplemented by additional evidence taken before a master appointed by the district court, the district court concluded that "[t]he evidence is insufficient to show overreaching or misconduct by the respondent warranting suspension from the practice of law before this court."

Affirmed.