**Edelmiro MARTINEZ RIVERA, Plaintiff, Appellant,**

v.

**Jose TRIAS MONGE et al., Defendants, Appellees.**

No. 78–1088.

United States Court of Appeals, First Circuit.

Submitted Sept. 7, 1978.

Decided Dec. 1, 1978.

---

Edelmiro Martinez, Jr., Hato Rey, P. R., on brief for appellant.

Lino J. Saldana, Santurce, P. R., Hector A. Colon Cruz, and Reina Colon De Rodriguez, San Juan, P. R., on brief for appellees.

Before COFFIN, Chief Judge, CAMP-BELL and BOWNES, Circuit Judges.

PER CURIAM.

Appellant's complaint alleged that the members of the Puerto Rico Supreme Court, defendants-appellees, violated his constitutional rights in suspending him from membership in the Puerto Rican bar. The action was brought under 42 U.S.C. § 1983 and grounded jurisdiction on 28 U.S.C. § 1343. The district court dismissed the action for lack of subject matter jurisdiction and as barred by res judicata.

The settled law, with which we agree, is "that disciplinary orders of the highest court of a state may be reviewed federally only in the Supreme Court by petition for certiorari and not by suits in the district courts." * *Grossgold v. Supreme Court of Illinois*, 557 F.2d 122, 125 (7th Cir. 1977); *Doe v. Pringle*, 550 F.2d 596

---

* This rule might be questionable if no review of the constitutional issues were available in the state court. *Grossgold v. Supreme Court of Illinois*, 557 F.2d 122, 124 (7th Cir. 1977). Here, however, constitutional claims were presented to and considered by the Puerto Rico Supreme Court. Any particular claims that were not presented would be barred by the doctrine of res judicata. *Lovely v. Laliberte*, 498 F.2d 1261 (1st Cir.), *cert. denied*, 419 U.S. 1038, 95 S.Ct. 526, 42 L.Ed.2d 316 (1974).

(10th Cir. 1976); *Mackay v. Nesbett*, 412 F.2d 846 (9th Cir. 1969); *Ginger v. Circuit Court for Wayne County*, 372 F.2d 621 (6th Cir. 1967). *Cf. In re MacNeil*, 266 F.2d 167, 172 (1st Cir. 1959) (noting that constitutional claims in state disbarment proceedings may be preserved for federal review by the Supreme Court under its certiorari jurisdiction but do not provide a basis for removal). This complaint in essence seeks review of a state court's disciplinary order, although it is couched in terms of a suit against the individual members of the court. Appellant "cannot invoke the provisions of § 1983 of the Civil Rights Act in federal district court so as to circumvent and avoid his obligation to seek direct review in the United States Supreme Court." *Doe v. Pringle, supra*, 550 F.2d at 599. We agree with the district court's dismissal for want of jurisdiction.

*Affirmed.*

