118

**Grace E. BARRETT, Plaintiff**
vs.
**CONTRIBUTORY RETIREMENT
APPEAL BOARD OF THE
COMMONWEALTH OF
MASSACHUSETTS, Defendant**

**No. 80-1565-T**

United States District Court
Commonwealth of Massachusetts

**January 18, 1982**

**Walter E. Palmer, Esq.,** counsel for
plaintiff.
**William H. Carroll, AAG,** counsel for
defendant.

### ORDER OF JUDGMENT

**Tauro, D.J.** For the reasons set forth in a
memorandum issued this date, the defen-
dant's motion to dismiss for lack of sub-
ject matter jurisdiction and for failure to
state a claim for which relief may be
granted is hereby allowed.

Accordingly, judgment shall enter, and
is hereby entered, in favor of the defen-
dant.

It is so ORDERED.

**J. Tauro, United States District Judge**

### MEMORANDUM

**Tauro, D.J.** Plaintiff Grace E. Barrett
brought this action to compel the pay-
ment of survivorship benefits under a
voluntary contributory retirement system

operated by the Town of Brookline, Massachusetts. She alleges that the state statutory one-year duration-of-marriage requirement, on which the defendant Contributory Retirement Appeal Board (CRAB) relied in affirming the Brookline Retirement Board's decision denying her benefits, violates the due process and equal protection clauses of the Fourteenth Amendment. The complaint requests a declaration that the statute is unconstitutional, and an injunction against the defendant's denial of her application for benefits. The defendant has moved unopposed to dismiss for (1) lack of subject matter jurisdiction, and (2) failure to state a claim for which relief may be granted.

I

According to the complaint, the plaintiff in 1965 commenced a relationship with one Gerard E. Barrett that "included all of the major incidents" of marriage. In 1969, the couple gave birth to a child. During July 1971, they were legally married. Three weeks later, they had a second child. On or about December 11, 1971, plaintiff's then-husband died as a result of an accidental fire in his Brookline home.

Before his death, Gerard F. Barrett had provided full financial support for plaintiff and the children. For "many years" prior to his death, he had been employed by the Town of Brookline, and was a member of the Town's voluntary contributory retirement system.

Following her husband's death, the plaintiff applied to the Brookline Retirement Board for survivorship benefits under the system, for herself and her children. The Board denied her application, on the grounds that she failed to comply with Mass. Gen. Laws c. 32, sec. 12(B), which conditions spousal eligibility upon the existence of a legal marriage for at least one year prior to the decedent's death. Plaintiff filed a timely appeal to the defendant CRAB. On May 16, 1977, CRAB reversed the Board's denial of benefits to plaintiff's children, but affirmed the denial of benefits to her.

Plaintiff thereupon petitioned for judicial review of CRAB's ruling in the superior court, under Mass. Gen. Laws c. 30A, sec. 14. In a July 31, 1979 memorandum and order, the superior court affirmed CRAB's decision, rejecting contentions that the controlling state statute, section 12(b), was unconstitutional under the Fourteenth Amendment. See, Memorandum of Decision, pp. 2-4 (appended to defendant's memorandum filed October 13, 1981). The Massachusetts Appeals Court affirmed. On June 25, 1980, the Supreme Judicial Court denied the plaintiff's application for further appellate review.

II

A. Subject Matter Jurisdiction:

Plaintiff's present claim was brought as an independent action challenging the constitutional validity of the state statute under the Fourteenth Amendment.[1] The defendant contends, however, that the Court lacks subject matter jurisdiction over the claim because it is, in essence, and appeal improperly brought in the District Court.

The prior state court proceedings, which culminated in the Supreme Judicial Court's order denying the plaintiff further relief, established a final state court judgment upholding the constitutional validity of a state statute. Plaintiff, therefore, had access to direct appeal to the United States Supreme Court, under 28 U.S.C. § 1257(2) ("Section 1257").

Courts have held that the statutory avenue of appeal to the Supreme Court is exclusive, and that appempts to circumvent that process by filings in the district courts are improper. See, e.g., **Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers,** 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions"); **Martinez Rivera v. Trias Monge,** 587

---

1. Although the complaint does not allege any statutory basis for federal jurisdiction, the Court for purposes of the pending motion construes the complaint as alleging a cause of action under 42 U.S.C. sections 1983 and 1343.

120

F.2d 539, 540 (1st Cir. 1978). In **Martinez Rivera,** the Court upheld dismissal of the complaint for lack of subject matter jurisdiction, because the action essentially sought review of state court proceedings that had addressed constitutional issues, even though the complaint purported to present an independent action under 42 U.S.C. § 1983. **Id.,** at 540. See also, **Doe v. Pringle,** 550 F.2d 596, 599 (10th Cir. 1976) (appellant "cannot invoke the provisions of (section) 1983...in federal district court so as to circumvent and avoid his obligation to seek direct review in the United States Supreme Court").

Plaintiff's claim here is asserted on facts substantially identical to those previously considered by the state court. It seeks a determination that would directly contradict that made and affirmed in the state proceedings. Finding that the present action, in effect, constitutes an improper attempt to appeal the final state court judgment, this Court sees no basis for recognizing subject matter jurisdiction over the plaintiff's claim.

**B. Failure to State A Claim:**

The defendant also contends that the complaint fails to state a claim for which relief may be granted because the action itself is barred by res judicata. As noted above, the plaintiff raised and the superior court addressed and rejected the same constitutional claims asserted in this action. See, Memorandum of Decision, **supra,** at pp. 2-4. Those same claims may not be relitigated here. Similarly, any particular constitutional claims that might have been presented before are now barred by res judicata. See, **e.g., Lovely v. Laliberte,** 498 F.2d 1261 (1st Cir.), **cert. denied,** 419 U.S. 1038 (1974). Accordingly, res judicata is an additional, independent basis for dismissing this action. See, **Diaz-Buxo v. Trias Monge,** 593 F.2d 153, 154, 156-57 (1st Cir.), **cert. denied,** 444 U.S. 833 (1979).

**III**

For the reasons stated above, the defendant's motion is allowed, and the action is dismissed on grounds of lack of subject matter jurisdiction and res judicata.

An order will issue.

**J. Tauro, United States District Judge**