No. 81–899.  BAXTER ET AL. *v.* MOUZAVIRES.  Ct. App. D. C.  Certiorari denied.

JUSTICE WHITE, with whom JUSTICE POWELL joins, dissenting.

In this case, the District of Columbia Court of Appeals concluded that the Due Process Clause permitted the trial court to exercise personal jurisdiction over petitioners, members of a Florida law firm, on the basis of an agreement with respondent, a District of Columbia patent attorney, to assist them in defending a suit filed against one of their clients in a Federal District Court in Florida.  The Court of Appeals acknowledged that under *Hanson* v. *Denckla*, 357 U. S. 235, 253 (1958), "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  It concluded, however, that, by voluntarily entering into a contractual arrangement with a forum plaintiff, defendant satisfied this standard.  The opinion equated the defendant law firm's entering this contract with the solicitation of business by the defendant insurance company in *McGee* v. *International Life Ins. Co.*, 355 U. S. 220 (1957).

The standard of the District of Columbia Court of Appeals would permit a District of Columbia merchant who, in response to a telephone order, sends merchandise to Florida, to sue for the price in the District of Columbia.  As I wrote in dissenting from denial of certiorari in *Chelsea House Publishers* v. *Nicholstone Book Bindery, ante,* p. 994, and in *Lakeside Bridge & Steel Co.* v. *Mountain State Construction Co.*, 445 U. S. 907 (1980), the disarray among federal and state courts on the issue of minimal contacts based on contractual dealings continues unabated.  This case, which involves services instead of goods, further demonstrates that

this Court should address the issue. I dissent from the denial of certiorari.