**Aram K. BERBERIAN**

v.

**Frank A. CARTER, Jr.**

**Civ. A. No. 80–0585 S.**

United States District Court,
D. Rhode Island.

Feb. 11, 1983.

Aram K. Berberian, pro se.

Dennis J. Roberts, II, Atty. Gen., Alan Tate, Asst. Atty. Gen., Eileen G. Cooney, Sp. Asst. Atty. Gen., Providence, R.I., for defendant.

## MEMORANDUM DECISION AND ORDER

SELYA, District Judge.

This action is brought by a member of the Rhode Island bar [1] against the discipli-

---

1. Defendant, in his brief, asseverates that "plaintiff is not currently licensed to practice law in the State of Rhode Island as a result of actions unrelated to the [instant] claims", and asks that the Court take judicial notice of this adjudicative fact. The defendant predicates his argument of mootness on this circumstance. While the Court has the power judicially to

nary counsel, so-called, appointed by the Rhode Island Supreme Court. The defendant's functions include investigation of matters pertaining to attorneys' professional conduct.

The plaintiff claims that defendant has abridged certain of his constitutional rights (as more fully appears, *infra*) and seeks primarily declaratory and injunctive redress. The defendant has moved to dismiss, contending in substance that (i) the complaint fails to state a claim upon which relief can be granted in this Court, (ii) the issues are moot, (iii) the plaintiff lacks standing to sue, (iv) the Court should, as a matter of comity and of discretion, decline to grant a declaration of rights, and (v) the action is time-barred.

For purposes of this motion to dismiss, the Court must accept as true all facts well-pleaded in the complaint. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Seveney v. United States,* 550 F.Supp. 653, 655 (D.R.I. 1982). Those facts are described below.

In August of 1958, plaintiff, acting as a notary public, acknowledged the signature and oath of "Arthur Koffelt" upon certain nomination papers thereafter filed with the Board of Canvassers of the City of Cranston in connection with a primary election. The legal name of the affiant at the time was "Joseph N. Mancini"; plaintiff had known Mancini by his proper name for approximately ten years. On the occasion in question, Mancini wished to use an *alias dictus,* ostensibly to protect his privacy and in furtherance of his First Amendment rights; plaintiff advised Mancini that an

alias could be used if Mancini so desired; and plaintiff acknowledged the signature and oath, knowing that "Mancini" was "Koffelt" and was employing a pseudonym.[2]

The matter came to the attention of the Rhode Island Supreme Court; its Investigating Committee initiated proceedings; and on August 12, 1960, after hearings at which plaintiff was represented by preeminent counsel, the Complaints Committee of the Rhode Island Supreme Court filed with that tribunal a report opining "that it was at least bad practice on the part of Aram K. Berberian to allow a man known to him for ten years to sign a fictitious name to the affidavit." The report left final disposition to the state Supreme Court "without recommendation" from the Complaints Committee.

A show-cause hearing followed shortly; the Rhode Island Supreme Court issued an order thereat, which is annexed hereto in its entirety as Appendix "A". While the Mancini rose may have smelled as sweet in Koffelt camouflage, the highest court of Rhode Island obviously felt that this transplanting of nomenclature was not, for notarial purposes, an acceptable garden-variety legal stratagem.

In August of 1978, plaintiff allegedly found himself confronted with what he thought to be an analogous situation;[3] operating this time in presumed deference to the adage "once bitten, twice shy", plaintiff sought an advisory opinion from the Disciplinary Board[4] of the state Supreme Court. The Board declined to render one.[5]

---

notice such facts under Fed.R.Evid. 201(b), *see, e.g., Happy Inv. Group v. Lakeworld Properties, Inc.,* 396 F.Supp. 175, 183 n. 6 (N.D.Cal. 1975), the case appears susceptible to disposition on other grounds.

**2.** It is not necessary for the Court, at this stage, to pass upon the lawfulness or propriety of this "it's-me-but-it's-not-me" artifice. While the concatenation of events is strange, it shows a certain ingenuity, reminiscent of the lyrical admonition that it is often expedient, in both politics and in poker, to "shuffle up the cards and find the joker". *"Fiorello!",* Act I, Scene 2

(book by J. Weidman and G. Abbott, lyrics by S. Harnick).

**3.** This allegation is subjective and conclusory only; no specifics are given, and no facts are pleaded tending to support same.

**4.** In the intervening years, this Board has in effect supplanted and assumed the functions of the Complaints Committee.

**5.** There is no statute, regulation, or rule of court interdicting this declination. The Rhode Island Supreme Court subsequently affirmed the Board's refusal. *See Berberian v. Discipli-*

Plaintiff, undaunted, thereafter filed a motion with the state Supreme Court to vacate and expunge from his record the reprimand of November 2, 1960. This motion was denied by the court on August 28, 1980.

Plaintiff then brought the instant action, alleging in substance that he wishes to resume taking notarizations as in the Mancini/Koffelt scenario; [6] that he has a legal and constitutional right to do so; that the First Amendment rights of anonymous other persons are implicated; and that he fears, should he so act, defendant will seek further disciplinary proceedings against him.[7] Plaintiff looks to enjoin defendant from so doing, and prays for a declaration voiding the reprimand issued by the Rhode Island Supreme Court on November 2, 1960.

■ As to the claim for injunctive relief, it is well settled that a justiciable case or controversy is a jurisdictional prerequisite to such redress. *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2204, 45 L.Ed.2d 343 (1975); *DeFunis v. Odegaard,* 416 U.S. 312, 317–19, 94 S.Ct. 1704, 1706–07, 40 L.Ed.2d 164 (1974); *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). In seeking to enjoin the enforcement of state laws or official action, an individual does not have a justiciable claim when state enforcement proceedings have not commenced or are not imminent. *Carey v. Population Services International,* 431 U.S. 678, 683 n. 3, 97 S.Ct. 2010, 2015 n. 3, 52 L.Ed.2d 675 (1977). Here, no fresh state enforcement proceeding has been commenced,[8] nor can one fairly be said to be impending. Under these circumstances, the plaintiff has presented no actual case or controversy; thus, this Court has no jurisdiction under Article III of the Constitution.[9]

■ As to the plaintiff's valiant—if belated—[10] effort to secure federal judicial review of the 1960 reprimand by way of a declaratory judgment, his reliance on *Miller v. Washington State Bar Association,* 679 F.2d 1313 (9th Cir.1982) is misplaced. *Miller* complained only of disciplinary committee proceedings taken in a wholly administrative context and unadorned by any ornament of judicial action on the part of the state supreme court. *Id.* at 1315–16. The Ninth Circuit plainly indicated that a contrary holding would inhere if an order of the state courts was itself central to the litigation. *Id.* Here, the gravamen of the

---

*nary Board,* M.P. No. 79–305–A, filed March 13, 1981 (unreported).

6. Again, the wish (while presumably father to the thought) is not betrothed to any facts.

7. Defendant, as disciplinary counsel, has, in the interim, in pertinent part succeeded to and assumed the functions of, the Investigating Committee.

8. The original 1960 proceeding, even if viewed through a warped glass as still open, cannot furnish the predicate for the case-or-controversy requirement for the reasons discussed *infra.* In fact, since the same constitutional issues were raised therein, at least on the motion to vacate and to expunge, there may well be a res judicata effect foreclosing collateral re-litigation of these issues. *See Diaz-Buxo v. Trias Monge,* 593 F.2d 153, 157 (1st Cir.), *cert. denied,* 444 U.S. 833, 100 S.Ct. 64, 62 L.Ed.2d 42 (1979).

9. The Court in no way intimates that, even were the case-or-controversy prerequisite achieved, federal jurisdiction would properly be exercisable. Given the factual panorama,

plaintiff would in such event still have to overcome the *Martinez Rivera* obstacle to subject matter jurisdiction (elaborated upon *nfra*) and would also doubtless be confronted with a substantial comity/abstention argument. *See, e.g., Trainor v. Hernandez,* 431 U.S. 434, 443–44, 97 S.Ct. 1911, 1917–18, 52 L.Ed.2d 486 (1977); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 604, 95 S.Ct. 1200, 1208, 43 L.Ed.2d 482 (1975); *Gordon v. Crouchley,* 554 F.Supp. 796, 799 (D.R.I.1982), and cases collected therein. These points cannot, however, be dealt with substantively in the absence of a defined case or controversy, at least by a court whose equippage is long on gavels but short on crystal balls.

10. Plaintiff offers no credible explanation for having slept for roughly two decades upon his supposed rights; and the case would, if not so plainly infirm on broader grounds, be a likely candidate for disposition on a delay-related basis. *Cf. Walden, III, Inc. v. Rhode Island,* 576 F.2d 945, 946–47 (1st Cir.1978); *Jamesbury Corp. v. Worcester Valve Co.,* 443 F.2d 205, 209–10 (1st Cir.1971).

complaint is an order issued under the imprimatur of the Rhode Island Supreme Court. The rule in the First Circuit is, in such circumstances, as clear as crystal:

> The settled law, with which we agree, is "that disciplinary orders of the highest court of a state may be reviewed federally only in the Supreme Court by petition for certiorari and not by suits in the district courts ..."

*Martinez Rivera v. Trias Monge,* 587 F.2d 539, 540 (1st Cir.1978) (quoting *Grossgold v. Supreme Court of Illinois,* 557 F.2d 122, 125 (7th Cir.1977) (citations omitted)).

The principle so enunciated comes heavily laden with a cornucopia of authority, all to like effect. *See, e.g., Theard v. United States,* 354 U.S. 278, 281, 77 S.Ct. 1274, 1276, 1 L.Ed.2d 1342 (1957); *Younger v. Colorado State Board of Law Examiners,* 625 F.2d 372, 375 (10th Cir.1980); *MacKay v. Nesbett,* 412 F.2d 846, 846 (9th Cir.), cert. *denied,* 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425 (1969); *Ginger v. Circuit Court,* 372 F.2d 621, 625 (6th Cir.), cert. *denied,* 387 U.S. 935, 87 S.Ct. 2061, 18 L.Ed.2d 998 (1967). It is fully applicable here, and defeats plaintiff's claim for federal relief from the order of November 2, 1960. The fact that the motion to vacate and to expunge was similarly denied *by the state Supreme Court itself* is but frosting on this particular cake, and in no way alters either the result or the plaintiff's desserts.

In the same vein, plaintiff takes nothing by his claim of jurisdiction under 42 U.S.C. § 1983. *Martinez Rivera v. Trias Monge,* 587 F.2d at 541; *Doe v. Pringle,* 550 F.2d 596, 599 (10th Cir.1976), cert. *denied,* 431 U.S. 916, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977).

Since these tenets are completely dispositive of plaintiff's claims, it would serve no useful purpose to inquire into the other grounds expostulated in defendant's motion.

Accordingly, it is hereby ORDERED:

1. That defendant's motion to dismiss may be, and the same hereby is, granted.

2. The Clerk shall forthwith enter judgment for the defendant for costs.

### APPENDIX A

Investigating Committee : 
                 : 
         v.         :    Complaint. 
                 : 
Aram K. Berberian. :

### ORDER

This matter came on to be heard in chambers on a rule to respondent Aram K. Berberian, an attorney and counselor of this court, to show cause, if any he had, why disciplinary action should not be taken against him pursuant to the decision of the Committee on Complaints finding him guilty of "bad practice" unbecoming an attorney and counselor while acting in the capacity of a notary public.

No cause having been shown to absolve respondent from punishment except that the circumstances under which he acted did not constitute those of the relation of attorney and client, it is now, therefore,

ORDERED, ADJUDGED and DECREED

that said Aram K. Berberian be and he hereby is publicly reprimanded in open court for indulging in such practice and he is expressly warned to desist therefrom in the future.

Entered as the order of this court this second day of November, A.D. 1960.

> By order:
> (signed) Raymond A. McCabe
> Clerk