**Fred FLEURY, M.D., Plaintiff,**

v.

**Gary CLAYTON, et al., Defendants.**

**No. 86–3334.**

United States District Court,
C.D. Illinois,
Springfield Division.

July 29, 1987.

Requa & Alexander, Springfield, Ill., for plaintiff.

Randy Blue, Asst. Atty. Gen., Springfield, Ill., for defendants.

## OPINION ORDER

MILLS, District Judge:

The constitutional guarantee of due process does not afford protection from every injury an individual might suffer at the hands of state officials.

Charges of defammatory statements occasioning diminished professional prestige and economic returns do not implicate the Fourteenth Amendment.

Dr. Fred Fleury brings this § 1983 action against Gary Clayton, Director of the Illinois Department of Registration and Education, Yehuda Lebovits, an attorney representing the agency, and members of the State Medical Disciplinary Board alleging a violation of his right to procedural due process. According to the complaint, Fleury, a doctor licensed to practice medicine in Illinois, was reprimanded by the defendant regulators for providing a patient inadequate care, without first receiving an opportunity to respond to the accusations. He seeks both injunctive and monetary relief.

Now before the Court is Defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12. Relying on the state actors' initial assertion under subsection (b)(1) that this cause is an "official capacity" suit barred by the Eleventh Amendment, the United States Magistrate advises denial of the request. The Court agrees with the Magistrate's analysis. Nevertheless, Defendants in their objections to the recommendation offer an additional reason for dismissal of the allegations—failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

### Standard of Review

In determining the sufficiency of a complaint, the Court must accept its facts as true and view them, along with the reasonable inferences to be drawn therefrom, in a light most favorable to the plaintiff. *Doe v. St. Joseph's Hosp.*, 788 F.2d 411, 414 (7th Cir.1986). Admittedly, the applicable rules do not necessitate a detailed outline of the claim's basis. *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). Still, "a complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under *some* viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). A pleading pursuant to 42 U.S.C. § 1983 does not properly state a claim if its allegations are conclusory: "Some particularized facts demonstrating a constitutional deprivation are needed to sustain a cause of action under the Civil Rights Act." *Cohen v. Illinois Inst. of Tech.*, 581 F.2d 658, 663

(7th Cir.1978), *cert. denied,* 439 U.S. 1135, 99 S.Ct. 1058, 59 L.Ed.2d 97 (1979). *Accord Watson v. Department of Housing & Urban Dev.,* 576 F.Supp. 580, 586 (N.D.Ill. 1983).

Applying the above standard, the Court finds that the allegations in the complaint fail to present a dispute of constitutional proportions.

## I

This controversy arose in 1985 when a patient of Fleury complained to the state authority responsible for regulating physicians in Illinois about the doctor's course of treatment. Shortly thereafter, the department's counsel apparently told the physician that unless he executed a "consent order" waiving his right under the Illinois Medical Practice Act, Ill.Rev.Stat. ch. 111, ¶¶ 4440–41 (1985), to address the accusations, the disciplinary board would suspend or revoke the practitioner's license.[1] At no time did the attorney explain to Plaintiff the procedural protections which the law provided. Allegedly ignorant of his options, Fleury signed the document and agreed to the reprimand.

On November 22, 1985, the director of the governing agency endorsed the decree reprimanding the doctor. An authorized representative of the Medical Disciplinary Board likewise executed the order. Although, according to the complaint, Defendants knew the consent order was in violation of the Act, they then issued a press release notifying the public of the State's action against Fleury.

As a consequence of this scenario, Plaintiff claims irreparable stigma to his professional practice resulting in "loss of patients and income" as well as damage to his "good name, reputation, honor and integrity." He maintains his inability to rebut the false charges leading to the reprimand contravened the Fourteenth Amendment's proscription against deprivation of property or liberty without due process of law.

## II

To obtain relief under 42 U.S.C. § 1983, Plaintiff must prove as part of his burden that the Defendants' conduct resulted in a deprivation of constitutional rights. *Ellsworth,* 774 F.2d at 184; *Crowder v. Lash,* 687 F.2d 996, 1002 (7th Cir.1982). For purposes of this lawsuit, the prerequisite to recovery may be restated more clearly: "[T]he requirements of procedural due process apply only to deprivations of interests included within the fourteenth amendment's protection of property and liberty." *Munson v. Friske,* 754 F.2d 683, 692 (7th Cir.1985), *citing, Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). Thus, the rights which warrant notice and an opportunity to be heard before the government may affect them are not unlimited.

■ A property interest in a benefit arises from one's "legitimate claim of entitlement to it." *Roth,* 408 U.S. at 577, 92 S.Ct. at 2701, 33 L.Ed.2d at 548. For example, Plaintiff surely possesses a protectible right in his medical license. But as the Seventh Circuit has recently explained, a professional's concern in a "business" alone is insufficient to establish a right of constitutional dimension so long as the state recognizes his authority to practice.

---

**1.** Paragraphs 4440 and 4441 read in relevant part:

Upon the motion of either the Department or the Board or upon the verified complaint in writing of any person setting forth facts which if proven would constitute grounds for suspension or revocation ... the Board shall investigate the actions of any person, so accused who holds or represents that he holds a license or certificate. Such person is hereinafter called the accused.

The Department shall, before suspending, revoking, placing on probationary status, or taking any other disciplinary action as the Department may deem proper with regard to any license or certificate, at least 30 days prior to the date set for the hearing, notify the accused in writing of any charges made and the time and place for a hearing of the charges before the Board....

At the time and place fixed in the notice, the Board provided for in this Act shall proceed to hear the charges and both the accused person and the complainant shall be accorded ample opportunity to present in person, or by counsel, such statements, testimony, evidence and argument as may be pertinent to the charges or to any defense thereto....

*Goulding v. Feinglass*, 811 F.2d 1099, 1103 (7th Cir.), *cert. denied,* — U.S. ——, 107 S.Ct. 3215, 96 L.Ed.2d 701 (1987).

On the other hand, Plaintiff certainly has a liberty interest in his profession aside from the certificate itself. *Linhart v. Glatfelter*, 771 F.2d 1004, 1009 (7th Cir. 1985); *Bone v. City of Lafayette*, 763 F.2d 295, 298 (7th Cir.1985). If the state's actions were so egregious as to *de facto* exclude him from his chosen trade, Fleury would indeed be deprived of liberty. *Linhart*, 771 F.2d at 1009; *Lawson v. Sheriff of Tippecanoe County*, 725 F.2d 1136, 1138–39 (7th Cir.1984). The infliction of a stigma to one's reputation, however, "apart from some more tangible interest such as employment," does not transgress the Constitution. *Goulding*, 811 F.2d at 1102. The Supreme Court has summarized the interests at stake as follows:

> It is apparent from our decisions that there exists a variety of interests which are difficult of definition but are nevertheless comprehended within the meaning of either "liberty" or "property" as meant in the Due Process Clause. These interests attain this constitutional status by virtue of the fact that they have been initially recognized and protected by state law, and we have repeatedly ruled that the procedural guarantees of the Fourteenth Amendment apply *whenever the State seeks to remove or significantly alter that protected status.*

*Paul v. Davis*, 424 U.S. 693, 710–11, 96 S.Ct. 1155, 1165, 47 L.Ed.2d 405 (1976) (emphasis added).

### III

Here, the complaint's allegations taken as true simply fail to demonstrate the requisite removal or alteration which would support a constitutional cause of action. Case law does not sustain the doctor's assertion that Defendants bereaved him of a property interest through the reprimand.[2] Fleury continues to practice med-

icine; his license has not been revoked or suspended. Consequently, the State has not divested Plaintiff of a property right unless the Court may deem his business itself to fall within the purview of the Fourteenth Amendment. But as the Court of Appeals has instructed, this it cannot do. *Goulding*, 811 F.2d at 1103.

The physician's conclusion regarding his purported liberty interest is likewise unavailing. While the Court accepts as true Plaintiff's statements concerning his damaged reputation and reduced income, these allegations are insufficient to state a claim under § 1983. Again, no legal barrier to Fleury's medical practice exists. Admittedly, the reprimand may well have made the doctor less attractive to clients, but as the Court stated in *Munson*, 754 F.2d at 693:

> Liberty is not infringed by a label of incompetence or a failure to meet a specific level of management skills, which would only affect one's professional life and force one down a few notches in the professional hierarchy. A liberty interest is not implicated where the charges merely result in reduced economic returns and diminished prestige, but not permanent exclusion from or protracted interruption of employment.

*See also Perry v. FBI*, 781 F.2d 1294, 1302 (7th Cir.), *cert. denied,* — U.S. ——, 107 S.Ct. 67, 93 L.Ed.2d 25 (1986) (a liberty interest is not implicated merely by a reduction in an individual's attractiveness to potential employers). This Court then must reach the same result as the Supreme Court in *Paul*: "[T]he interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law." 424 U.S. at 712, 96 S.Ct. at 1166, 47 L.Ed.2d at 405. *Accord Goulding*, 811 F.2d at 1103.

Of course, for purposes of deciding the motion to dismiss, the Court recognizes Fleury's entitlement to certain statutory

---

2. Plaintiff's citation to *Miller v. Washington State Bar Ass'n*, 679 F.2d 1313 (9th Cir.1982), is inapposite. *Miller* involved an attorney's claim that Defendant's letter of admonition interfered with his First Amendment rights. The Court

held, *inter alia,* the letter sufficiently affected the lawyer so as to create a justiciable case or controversy. Nowhere in its opinion did the Court address the issues presented in the current action.

**1228**

procedures prior to the reprimand despite the litigants' disagreement over the legality of the consent order. These, however, are also not enough to support a § 1983 action without some underlying legally cognizable interest. The law is well established that procedural protections do not themselves determine whether a property or liberty interest exists. *Shango v. Jurich,* 681 F.2d 1091 (7th Cir.1982); *Linhart,* 584 F.Supp. 1369, 1377 (N.D.Ill.1984), *aff'd* 771 F.2d at 1004. "Without an identifiable fourteenth amendment liberty or property interest, a federal court has no jurisdiction under 42 U.S.C. § 1983 to enforce ... procedural rights that are created by state law." *Hughes v. Whitmer,* 714 F.2d 1407, 1417 n. 8 (8th Cir.1983), *cert. denied,* 465 U.S. 1023, 104 S.Ct. 1275, 79 L.Ed.2d 680 (1984).

Indeed, the protection afforded an accused under the Illinois Medical Practice Act suggests the presence of a substantive limitation on official action: "The purpose of a procedural safeguard ... is the protection of a substantive interest to which the individual has a legitimate claim of entitlement." *Shango,* 681 F.2d at 1101. Thus, the State's use of consent orders would seem hazardous. But the Illinois Auditor General's opinion cited in the complaint that such decrees are unlawful is of no import. A legislative officer's interpretation of state law does not create a dispute of constitutional dimensions.

In this case, the Court has identified Plaintiff's entitlements which merit constitutional protection and determined that the complaint does not allege their encroachment. Fleury remains licensed in Illinois and continues to practice medicine. Therefore, neither the property right in his license nor the liberty interest in his profession is implicated.

*Ergo,* Defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) is ALLOWED.

Case CLOSED.