95 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sonja Indreland McLAUGHLIN, a married woman suing as a
separate individual, Not as a member of a marital community,
for the vindication of her own personal civil rights as
citizen under the constitution of the USA, Plaintiff-Appellant,
v.
WASHINGTON STATE BAR ASSOCIATION, a private membership
corporation created by RCW 2.48; Jean Kelly McElroy, as an
individual and as a member of the marital community composed
of herself and John Doe McElroy; Leland G. Ripley, as an
individual and as a member of the marital community composed
of himself and Jane Doe Ripley.; Dennis Hardwick, as an
individual and as a member of the marital community composed
of himself and Jane Doe Hardwick, Defendant-Appellee.
 No. 95-35348.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 19, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sonja Indreland McLaughlin, an attorney, appeals the district court's order dismissing part of her 42 U.S.C. § 1983 action for lack of subject-matter jurisdiction. McLaughlin sued members of the Washington State Bar Association ("WSBA") alleging that WSBA Rule of Professional Conduct 8.2 was unconstitutional. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's determination that it lacked subject-matter jurisdiction. Skagit County Pub. Hosp. Dist. No. 2 v. Shalala, 80 F.3d 379, 384 (9th Cir.1996).
 
 
 4
 Here, McLaughlin's complaint would have required the district court to review the final decision of the state court regarding the application of WSBA Rule of Professional Conduct 8.2 to McLaughlin's license to practice law.
 
 
 5
 Accordingly, the district court lacked jurisdiction over her section 1983 action. See District of Columbia Ct. of App. v. Feldman, 460 U.S. 462, 486-87 (1983); Dubinka v. Judges of Superior Court, 23 F.3d 218, 221 (9th Cir.1994); see also MacKay v. Nesbett, 412 F.2d 846, 846 (9th Cir.1969) (per curiam).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, McLaughlin's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because McLaughlin is not a prevailing party, we deny her request for attorneys' fees pursuant to 42 U.S.C. § 1988. Friend v. Kolodzieczak, 72 F.3d 1386, 1389 (9th Cir.1995)