**Steven THOMAS, Plaintiff–Appellant,**

v.

**Scott J. BERGSTEDT; Janice Michels; Richard P. Guy, Defendants–Appellees.**

No. 99–35814.
D.C. No. CV–99–00489–JCC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 2001.

Decided April 30, 2001.

\* As of March 29, 2001, Larry G. Massanari was appointed Acting Commissioner for the Social Security Administration, and is therefore substituted for Kenneth S. Apfel as the named defendant in this action. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before WOOD, JR.,\* TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM \*\*

In this appeal, we must determine whether the district court properly dismissed Thomas's claims under the *Rooker–Feldman* doctrine. *See* 28 U.S.C. § 1257 (2000); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Upon recommendation of the Washington State Board of Continuing Legal Education, the Washington Supreme Court formally suspended Steven Thomas from the practice of law for not completing his continuing legal education ("CLE") requirements. Thomas filed a complaint in the United States District Court for the Western District of Washington against Scott Bergstedt, M. Janice Michels, and Richard Guy (collectively "the defendants"). Bergstedt is the Chairman of the Washington Board of Continuing Legal Education, Michels is the Executive Director of the Washington State Bar, and Guy was the Chief Justice of the Washington Supreme Court.[1] Purportedly predicating jurisdiction under 42 U.S.C. § 1983, Thomas alleged that the defendants violated his due process and free speech rights because they failed to properly notify him that he could be suspended for failing to complete his CLE requirements.

The district court dismissed Thomas's complaint because "a federal district court lacks subject matter jurisdiction to review the order of a state tribunal."

The existence or absence of subject matter jurisdiction is a question of law reviewed de novo. *See Garvey v. Roberts*, 203 F.3d 580, 587 (9th Cir.2000). Upon de novo review, we conclude that the district court properly dismissed Thomas's complaint under the *Rooker–Feldman* doctrine.

Under 28 U.S.C. § 1257 and the *Rooker–Feldman* doctrine, only the United States Supreme Court has jurisdiction to review the constitutionality of final decisions of state courts. *See* 28 U.S.C. § 1257; *Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Lower federal courts lack such authority. This principle is particularly strong where the federal court is asked to review a state court adjudication concerning the admission, discipline, and disbarment of attorneys. *See, e.g., Craig v. State Bar of Cal.*, 141 F.3d 1353, 1354 (9th Cir.1998); *MacKay v. Nesbett*, 412 F.2d 846, 846 (9th Cir.1969); *Clark v. State of Wash.*, 366 F.2d 678, 680–81 (9th Cir.1966).

We agree that if the district court were to consider the merits of Thomas's § 1983 claims, it would be forced to review the decision of the Washington Supreme Court to suspend Thomas from the practice of law. Therefore, *Rooker–Feldman* divests the district court of jurisdiction.

The fact that Thomas filed his complaint under 42 U.S.C. § 1983 does not change

---

\* The Honorable Harlington Wood, Jr., Senior Circuit Judge for the Seventh Circuit, sitting by designation.

1. Appellee Guy's motion to substitute Gerry L. Alexander, the new Chief Justice of the Washington Supreme Court, for Richard Guy is denied.

our analysis. It is true that Thomas's complaint does not explicitly seek reversal of the Washington Supreme Court's order suspending him from the practice of law. However, his allegations obviously call into question the propriety of that order, and thus implicate the *Rooker–Feldman* doctrine. A finding in Thomas's favor on any of his causes of action would impugn the validity of the Washington Supreme Court's suspension order. Indeed, federal courts have uniformly looked beyond the cause of action in determining whether *Rooker–Feldman* applies. *See, e.g., Feldman*, 460 U.S. at 468–69 (plaintiff claimed violations of Fifth Amendment and Sherman Act); *Craig*, 141 F.3d at 1354 (plaintiff brought claims under 42 U.S.C. § 1983); *Razatos v. Colo. Supreme Court*, 746 F.2d 1429, 1430 (10th Cir.1984) (plaintiff brought claims under 42 U.S.C. § 1983). Thus, the simple facts that (1) Thomas complains about the effect of certain rules and policies in connection with his suspension, and (2) brought his suit under § 1983 do not insulate him from the ambit of 28 U.S.C. § 1257 and *Rooker–Feldman*. His complaint is not fairly read as a *general* challenge to the constitutionality of any rule authorized by the Washington Supreme Court.

Finally, contrary to Thomas's contention, his case is easily distinguished from *Miller v. Wash. State Bar Ass'n*, 679 F.2d 1313 (9th Cir.1982). In *Miller*, we identified the "dual predicates" for the application of the *Rooker–Feldman* doctrine: "a prior state court order, and the availability of a petition to the United States Supreme Court." *Id.* at 1315–16. Because neither of those predicates were present in *Miller*, we held that *Rooker–Feldman* did not apply. *Id.*

In contrast, both "dual predicates" exist here. Unlike in *Miller*, the state supreme court has taken decisive, appealable action by issuing a suspension order. Furthermore, Thomas faced no barrier to seeking a *writ of certiorari* from the United States Supreme Court. Indeed, in his brief to this court, Thomas acknowledged that such an avenue existed. *See* Appellant's Brief at 2 ("Plaintiff had several options in this situation.... Second, plaintiff could have sought review of the order itself and petitioned the United States Supreme Court for *certiorari*.").

AFFIRMED.